IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON ALEXANDER JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 23-897 |
| | ) |
| LIBERTY MUTUAL INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is *pro se* Plaintiff Aaron Alexander Johnson's Motion to Proceed In Forma Pauperis filed on May 31, 2023, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and

also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Initially, the Court notes that Plaintiff's proposed Complaint is difficult to decipher.[1] However, as the Court interprets the Complaint, Plaintiff presumably seeks to assert a claim for breach of contract against Defendant, Liberty Mutual Insurance.[2] (*See* Docket No. 1-1, ¶ 4). To

---

[1] Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that his Complaint does not come close to complying with this requirement. As noted, Plaintiff's Complaint is difficult to interpret.

[2] This is verified by the accompanying Civil Cover Sheet, on which Plaintiff checked a box under "Nature of Suit" indicating that it is "Insurance Contract." (Docket No. 1-2 at 1). Plaintiff further states on the Civil Cover Sheet, "[m]y deductible is $100 for the incident and the remainder was supposed to be covered by Liberty Mutual per our insurance agreement." (*Id.* at 2).
    The Court is cognizant that Plaintiff's Complaint also refers to the Americans with Disabilities Act ("ADA") by citing it as a basis for the Court's jurisdiction. (Docket No. 1-1, ¶ 3). However, as best the Court can determine,

that end, Plaintiff alleges that he has "faced numerous setbacks to getting [his] car vehicle repairs covered by [his] comprehensive insurance coverage," including a "revolving door of claims representatives," "mis-sent checks for repairs," "confusing arrangements for rental car services," and having to go "all the way to a place called Crafton to drop off [his] car." (*Id.*). Plaintiff further claims that Defendant also refused to provide coverage for a previous incident where he was "left stranded and homeless overnight in New Jersey." (*Id.*). These allegations are insufficient to plausibly allege a breach of contract claim. Under Pennsylvania law, "three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and[ ] (3) resultant damages." *Doe v. Univ. of Sciences*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)). Plaintiff's Complaint is devoid of any allegations identifying or describing the essential terms of a contract between him and Defendant, how Defendant supposedly breached that contract, and that he suffered damages as a result of the breach.[3]

---

Plaintiff attempts to allege a breach of contract claim against Defendant. To the extent Plaintiff attempts to allege a claim under the ADA, any such purported claim is unclear, and the Court therefore concludes that he fails to state a claim on which relief may be granted on that basis.

[3] Moreover, to the extent Plaintiff claims that the Court has diversity jurisdiction over his purported breach of contract claim, the Court notes that dismissal also may be warranted for lack of subject matter jurisdiction. Where jurisdiction is based upon diversity of citizenship, subject matter jurisdiction exists when (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The rule governing dismissal for want of jurisdiction in cases brought in federal court is that … the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Huber v. Taylor*, 532 F.3d 237, 243 (3d Cir. 2008) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). In the context of an insurance coverage dispute, "the amount in controversy for jurisdictional purposes is the maximum amount for which the insurer could be held liable." *State Farm Fire & Cas. Co. v. Fidelity Mortgage Servs., Inc.*, Civ. No. 11-6879, 2012 WL 13018410, at *2 (E.D. Pa. May 9, 2012) (citation omitted). As stated, Plaintiff's Complaint contains no allegations describing the essential terms of a contract between him and Defendant, thus it is impossible to discern the maximum amount for which Defendant, as insurer, could be held liable. Further, the minimal allegations in Plaintiff's Complaint make it appear to a legal certainty that his claim does not exceed the $75,000 jurisdictional amount, despite his $1.75 million demand for "emotional torture, pain and suffering, and being temporarily displaced." (Docket No. 1-1, ¶ 5)

In sum, as currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief.  *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction.") (citing 28 U.S.C. § 1915(e)(2)(B)); *Spell v. Allegheny Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 6th day of June, 2023, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by June 20, 2023.  If Plaintiff fails to file an Amended Complaint by June 20, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

5

cc:        Aaron Alexander Johnson (via U.S. mail)
           1111 Reservoir Avenue
           Monessen, PA  15062